## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 09 2020, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan K. Peters,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 9, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2017<br><br>Appeal from the Dearborn<br>Superior Court<br><br>The Honorable Jonathan N.<br>Cleary, Judge<br><br>Trial Court Cause No.<br>15D01-1511-F6-369 |

**Mathias, Judge.**

[1]     Bryan K. Peters ("Peters") challenges the order of the Dearborn Superior Court revoking his placement in community corrections and ordering him to serve the

remainder of his sentence in the Dearborn County Jail. On appeal, Peters claims that the trial court abused its discretion by revoking his placement.

[2] We affirm.

## Facts and Procedural History

[3] On October 27, 2015, Peters was arrested for operating a vehicle with a suspended license. This was not Peters's first traffic offense, and, on November 12, the State charged Peters with Level 6 felony operating a vehicle as an habitual traffic violator. Peters entered into a plea agreement with the State on April 26, 2016, in which he agreed to plead guilty as charged in exchange for a two-and-one-half-year sentence, suspended to probation. The trial court accepted the agreement and sentenced Peters accordingly. One of the conditions of Peters's probation was to abstain from the use of illicit drugs.

[4] On March 26, 2019, Peters submitted to a random drug screen and tested positive for methamphetamine use. The State then filed a notice of probation violation. At the revocation hearing held on May 15, 2019, Peters admitted to using methamphetamine. The trial court revoked Peters's probation and ordered that the remaining days of his sentence be executed in community corrections on home detention. One of the terms of his placement in community corrections was to abstain from the use of illicit drugs.

[5] On June 21, 2019, Peters contacted his home detention case manager and asked to meet. When they met, Peters informed her that he had been using methamphetamine. Peters then submitted to a drug screen and again tested

positive for methamphetamine. Accordingly, on July 3, 2019, the State filed a notice of violation of the terms of Peters's placement, and the trial court held an evidentiary hearing on this notice on August 1, 2019.

[6] At the evidentiary hearing, Peters admitted to using methamphetamine and admitted that he had been struggling with substance abuse issues since 2015. The trial court solicited input from the community corrections director, who stated that he did not believe that Peters would benefit from being returned to home detention and that he instead believed the best option was to order Peters to undergo substance abuse treatment in jail. Tr. p. 6. The trial court then revoked Peters's placement in community corrections and ordered him to serve the remaining portion of his sentence at the county jail. Peters now appeals.

## Discussion and Decision

[7] Our standard of review for a trial court's revocation of placement in community corrections is well settled:

> For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right.
>
> While a community corrections placement revocation hearing has certain due process requirements, it is not to be equated with

an adversarial criminal proceeding. Rather, it is a narrow inquiry, and its procedures are to be more flexible. This is necessary to permit the court to exercise its inherent power to enforce obedience to its lawful orders. . . .

Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

*Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009) (quoted in *Holmes v. State*, 923 N.E.2d 479, 482–83 (Ind. Ct. App. 2010)) (internal citations and quotations removed).

[8] Peters does not deny that he violated the terms of his placement, but he claims that his violation was merely "technical," because he was not arrested for a new crime or convicted of a new offense. We disagree. Simply because Peters was not caught with methamphetamine in his possession and criminally charged for this possession does not lessen the seriousness of his violation; he possessed and used a dangerous and illicit drug contrary to the criminal laws of this state and in violation of the terms of his placement. This was not a mere technical violation.

[9]     Peters also notes that he was gainfully employed and that his girlfriend had recently given birth to their child. The child tested positive for methamphetamine at birth and was removed from its mother. Peters therefore asked the trial court to continue his placement in home detention so he could work with the Department of Child Services to be reunited with his child. Also, Peters's elder son was terminally ill, and Peters asked to remain on home detention so he could attend to his son. Peters argues that these circumstances put serious psychological stress on him, thereby triggering his relapse into methamphetamine use. These facts, however, are not favorable to the trial court's judgment.

[10]    The facts favorable to the trial court's judgment show that Peters has an extensive criminal history in four states. Fifty-three-year-old Peters has accumulated over thirty criminal convictions. Many of his prior convictions involve the possession of controlled substances and offenses related to alcohol; others involve the possession of weapons and theft. He has been convicted of driving while suspended or driving with a revoked license twelve times. Despite this criminal history, the trial court twice showed lenience to Peters: first when he accepted the guilty plea calling for an entirely suspended sentence, then again when Peters violated the terms of his probation. The trial court placed Peters in community corrections, and instead of taking advantage of this grace, Peters continued to use methamphetamine.

[11]    Additionally, the trial court did not ignore Peters's substance abuse problem. The trial court determined that Peters would not benefit from continued

placement in community corrections and would instead be better served by participation in a drug treatment program in jail.

## Conclusion

Under these facts and circumstances, we are unable to agree with Peters that the trial court abused its discretion when it revoked Peters's placement in community corrections and ordered him to serve the balance of his sentence in jail. We therefore affirm the judgment of the trial court.

Affirmed.

Kirsch, J., and Bailey, J., concur.